**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 3 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUSTIN PROMETHEUS DORSEY,

Defendant - Appellant.

No. 23-2714

D.C. No.
3:22-cr-00129-CRB-1

MEMORANDUM*

Appeal from the United States District Court for the
Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted September 13, 2024
San Francisco, California

Before: BYBEE, BEA, and MENDOZA, Circuit Judges.

Defendant-Appellant Justin Prometheus Dorsey appeals the judgment entered

against him following his conditional guilty plea and an order of the U.S. District

Court for the Northern District of California that denied Dorsey's motion to suppress

from admission in evidence a gun seized from his vehicle. Defendant challenged

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

the district court's decision to rule on the suppression motion without an evidentiary hearing and the district court's finding that the warrantless search of Defendant's vehicle was a valid parole search.

The parties are familiar with the facts, so we recount them only as necessary. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate and remand for an evidentiary hearing.

This court reviews de novo the denial of a criminal defendant's suppression motion. *See United States v. Korte*, 918 F.3d 750, 753 (9th Cir. 2019). This court "review[s] for an abuse of discretion a court's decision whether to conduct an evidentiary hearing on a motion to suppress." *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000). "A district court abuses its discretion if it does not apply the correct legal standard or if it rests its decision on a clearly erroneous finding of fact." *United States v. Mark*, 795 F.3d 1102, 1104 (9th Cir. 2015) (citing *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc)).

An evidentiary hearing on a motion to suppress must be held "when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *Howell*, 231 F.3d at 620.

Officers of the San Francisco Police Department ("SFPD") conducted a prolonged stop and warrantless search of a Ford Explorer in which Defendant was a

passenger. The parties do not dispute that a finding of probable cause to support the prolonged stop and warrantless search hinges on the facts which surround the observation of a supposed drug transaction observed by SFPD Officer Eduard Ochoa, who had been surveilling the Explorer.

Officer Ochoa submitted a signed declaration describing his observations. Defendant submitted the signed declaration of Deshawn Davis, another passenger in the Explorer, which contradicted Officer Ochoa's account of events. The district court considered Officer Ochoa's incident report, Officer Ochoa's declaration, and Davis's declaration.

Officer Ochoa declared that from "about 20-30 yards away," he "observed a silver Ford Explorer" "which was doubled [sic] parked in the roadway on Quesada Ave, facing westbound towards 3rd St."[1] In his Incident Report, Officer Ochoa stated that he saw "a front occupant conduct a hand-to-hand narcotic transaction." Ochoa stated that "[t]he passenger received US Currency from an unidentified individual outside of the vehicle," and that he "then could see that one of the front occupants of the front seats of the [Explorer] hand a 'pack' back to the individual that provided the US currency."

---

[1] The government moved for judicial notice of a map of the intersection. ECF 18. Defendant does not oppose this motion. Because this map is "not subject to reasonable dispute" and its "accuracy cannot reasonably be questioned," the motion is **GRANTED**. *See* Fed. R. Evid. 201(b); *United States v. Perea-Rey*, 680 F.3d 1179, 1182 n.1 (9th Cir. 2012) (taking judicial notice of a Google map).

23-2714

Davis declared that he was parked at "3rd St. and Quesada Ave.," when the Ford Explorer drove up and parked next to him. Davis socialized at the Explorer until he entered the Explorer as a passenger and drove away. Because Davis saw the Explorer as soon as it was parked, and because the alleged transaction occurred before the Explorer drove away, Davis was present at the Explorer for the entire relevant time.

Davis declared that while he "was at or near the Explorer, [he] had a clear view into the Explorer and clear view of anyone who would have approached the Explorer." He declared that "at no time did [he] or anyone in the Explorer hand anyone outside of the vehicle a pack or baggie," that he did not "receive a pack or baggie from anyone inside the Explorer," that "at no time did [he] or anyone in the Explorer hand anyone outside of the vehicle marijuana or narcotics," and that he did not "receive marijuana or narcotics from anyone inside the Explorer." Davis's declaration contradicts Officer Ochoa's observations.

Despite Davis's declaration that he had a clear view into the Explorer and a clear view of anyone who would have approached the Explorer, the district court speculated that "it is possible that Davis could have missed" the alleged transaction. The district court thereby concluded that even if Davis's declaration was true, it did not provide evidence that Officer Ochoa's reports were false, and an evidentiary hearing was not required.

The district court cited no evidence which suggested that Davis's view into the Explorer was obscured. The district court speculated that Davis "would only have such a clear view if all of the windows were open," but this notion is unsupported by the record. The district court cited the body-worn camera footage of a different officer who later conducted the stop of the Explorer for the proposition that the Explorer's windows were tinted. But the window tinting is inapposite, as it is unknown which windows were up and to what degree the window tinting obscured visibility into the Explorer. It is therefore unclear from the record that the window tinting—or anything else—prevented Davis from witnessing any drug transaction.

The district court abused its discretion by resting its decision on a factual finding that Davis's view was obscured, despite a lack of clear evidence demonstrating such obstruction and despite Davis's declaration stating that he had a clear view. The declarations of Davis and Officer Ochoa allege contested issues of fact with sufficient definiteness, clarity, and specificity to require an evidentiary hearing. *See Howell*, 231 F.3d at 620. We therefore vacate and remand for an evidentiary hearing.

The parties do not dispute that the subsequent search of Dorsey's vehicle was based on the fruits of the search of the Explorer. Because we remand for an evidentiary hearing regarding the legality of the search of the Explorer, we do not reach the issue of the subsequent search of Dorsey's vehicle. *I.N.S. v. Bagamasbad*,

429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**VACATED AND REMANDED.**